# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ANTHONY BREWER**                                                                  **PLAINTIFF**

**VS.**                                          **CAUSE NO.: 1:25-CV-41-SA-DAS**

**INTERNATIONAL PAPER COMPANY**                                 **DEFENDANT**

## AGREED PROTECTIVE ORDER

1. The Plaintiff, Anthony Brewer, has requested that Defendant, International Paper Company, produce certain confidential, commercial, and proprietary documents ("Protected Documents").

2. The Defendant has objected to producing the Protected Documents because they contain confidential and proprietary information ("Confidential Information") of importance and value to the Defendant.

3. The Plaintiff and the Defendant acknowledge that disclosure of such Confidential Information to, or use of such Confidential Information by, any person or entity not a party to this lawsuit, or in any context other than this lawsuit, could cause commercial or financial harm to the Defendant.

4. Recognizing the need to protect the Confidential Information contained in the Protected Documents, the Parties have agreed to the following provisions. Therefore, it is ordered that:

5. This Protective Order applies to the following documents: Defendant's primary insurance policy; Defendant's contract with Plaintiff's employer; various internal company policies, procedures, and manuals requested in discovery; Defendant's safety and training manual(s), and other materials that may be pertinent to the instant lawsuit. Documents to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

6. It is agreed that material to which this Protective Order applies shall be disclosed only to the following individuals ("Qualified Persons"), each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

    a. Counsel for Plaintiff and counsel for Defendant who are actively engaged in this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

    b. The parties to the litigation and their experts, mediators, or court reporters; and

    c. Other individuals included by Order of the Court.

Experts, including retained consultants and experts with which counsel may consult regarding this action are to execute the Consent to Protective Order appended as Exhibit "A."

7. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information.

8. Neither Plaintiff nor Plaintiff's counsel, nor any other person or party described in Paragraph 6 above, may post or upload Protected Documents on any website or internet accessible document repository, other than that which is utilized by Qualified Persons and solely accessible to Qualified Persons in the ordinary course of their business in the preparation or presentation of this litigation.

9. To the extent that Protected Documents or information contained therein are used in the taking of depositions in this litigation, the Protected Documents and information contained therein shall remain subject to the provisions of this Order; the same, however, may be shown to witnesses being deposed, the court reporter, and/or videographer after apprising that person of the provisions of this Order.

10. A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter sent by facsimile or electronic mail to counsel for the parties within twenty-one (21) business days after receipt of the transcript. Any confidentiality designation asserted on the record during a deposition must be confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and are, therefore, subject to this Protective Order until 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript are excluded from the provisions of this Protective Order.

11. A party who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

12. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered into evidence at trial or any Court hearing in this litigation. Any party, including the producing party, may move the Court to prevent unnecessary disclosure of confidential information and documents.

13. This protective order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U. CIV. R. 79 or otherwise. For any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in L.U. CIV. R. 79. If any party wishes to submit to the Court information that the party seeks to keep under seal—for instance, information designated as Confidential Information—the party must also file a motion to seal pursuant to Local Uniform Civil Rule 79. The Court will evaluate such motions in accordance with the applicable standards for sealing court records and/or local rule. The parties and the producing party may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

14. Counsel for the Plaintiff and counsel for the Defendant agree and understand that these Protected Documents may only be used in the civil action styled "*Anthony Brewer vs. International Paper Company*," in the United States District Court for the Northern District of Mississippi, Aberdeen Division, Cause No. 1:25-CV-41-SA-DAS, without waiving any objections asserted by any party subject to this Order. Any use or attempted use of these Protected Documents

in any other matter or for any reason other than this litigation, without the express written consent of the Defendant, is strictly prohibited.

15. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

16. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, that party shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

17. This Order shall continue to be binding after termination of this litigation. At the conclusion of this litigation by appeal or otherwise, the Plaintiff and Plaintiff's counsel will provide written confirmation of the destruction and/or permanent deletion of all of the Protected Documents, including any copies or electronic versions, within thirty (30) days of dismissal of this case.

IT IS SO ORDERED on this 17th day of July, 2025.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**

AGREED AS TO FORM AND CONTENT:

/s/ *Craig R. Sessums*
Craig R. Sessums (MSB# 10184)
Attorney for Plaintiff

/s/ *Nicole A. Broussard*
Nicole A. Broussard (MSB# 106273)
Attorney for Defendant